Charles W. TEETER, Plaintiff-Appellee,

v.

Arthur S. FLEMMING, Secretary of Health, Education, and Welfare, Defendant-Appellant.

No. 12604.

United States Court of Appeals Seventh Circuit.

Oct. 16, 1959.

George Cochran Doub, Asst. Atty. Gen., Robert Wang, Atty., Civil Division, U. S. Dept. of Justice, Washington, D. C., Kenneth C. Raub, U. S. Atty., Fort Wayne, Ind., Alan S. Rosenthal, Dept. of Justice, Washington, D. C., for appellant.

H. Hanly Hammel, Jr., Lafayette, Ind., for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

This case arose out of denial, by the Secretary of Health, Education and Welfare, of Charles W. Teeter's claim for a period of disability, or disability "freeze" period, under the Social Security Act. If granted, the freeze in effect eliminates the no-income period of disability from the wage records, thus increasing the average monthly wage, and, therefore, the amount of future old age benefits.

The parties here agree that under the Act the period of disability, if allowed, would have to begin no later than June 30, 1948 (the last day on which Mr. Teeter could show that twenty of the last forty quarters and six of the last thirteen quarters were quarters of Social Security coverage) and would have to continue uninterruptedly through March 21, 1955, the date on which Mr. Teeter filed his application with the Social Security Administration. The Secretary does not question continuity as his position is that Mr. Teeter was unable to prove commencement of the requisite disability prior to June 30, 1948.

Section 416(i)(1), Title 42 U.S.C.A., defines disability (for our purposes) as inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. The same section states that an individual shall not be considered to be under a disability unless he furnishes such proof of the existence thereof as may be required.

Mr. Teeter brought action in the District Court to reverse the Secretary's decision. The District Judge considered the certified copy of the record of the proceeding before the Secretary, including the referee's decision, which was made final when the Appeals Council of the Social Security Administration denied Mr. Teeter's request for further review. The District Judge denied the

Secretary's motion for summary judgment, as he had concluded that there was no substantial evidence in the record as a whole to support the Secretary's denial of Mr. Teeter's claim.

The record indicates the following: In the Spring of 1944, severe headaches interfered with Mr. Teeter's performance of his work. He had been employed as a traveling salesman with Swift and Company for nearly thirty years, but was about ten years from retirement age. At the instance of his employer, Mr. Teeter was examined by Dr. Coffin who wrote Swift and Company outlining a number of symptoms found at that time and recommending complete separation from work. Mr. Teeter did not retire at that time, but subsequently underwent extensive examination at the Mayo Clinic, which made suggestions for change in Mr. Teeter's way of working and living to reduce migraine and tension headaches, and, in addition, prescribed treatment for a back condition. The Mayo Clinic emphasized reduction in activity and suggested drastic changes and curtailment of Mr. Teeter's duties, including reduction of travel by use of telephone calls and letters and increased outdoor recreation. These changes required approval of the employer who would have to consider whether they fitted into the entire program of the Company. Mr. Teeter continued to wear the back brace recommended by the Mayo Clinic physicians up to the time of hearing before the referee, but he still suffered back pain which was aggravated by walking, riding or lifting. In another report from the Mayo Clinic largely concerning examinations made ten years later in connection with eye cataracts, there are references to the continuance of the original back condition. That report also states that after the first set of examinations, Mr. Teeter found that his work was incompatible with his physical condition and he had to be retired. Upon the suggestion of the Mayo Clinic, Mr. Teeter had tried working while wearing the brace and taking the prescribed treatment, for more than one year. Then, in May, 1946,

Swift and Company, on the basis of medical reports, put Mr. Teeter on retirement pay under Swift's retirement plan because of permanent disability. Mr. Teeter testified that he could not ride in an automobile with comfort and seldom drove an automobile; that, although he had taught school for a year in his youth, he could not meet current qualifications for teaching; that he could not take employment which required making personal or physical contacts; that he had never held a desk job and had been medically warned against taking an "inside" job.

Dr. Morris, who had been Mr. Teeter's physician since 1946, stated:

"I have had occasion to examine him many times during the past ten years, and at no time during that period has he been able to carry on his former occupation. As you know from his previous reports, he has spondylolysis and spondylolisthesis of the fifth lumbar vertebra. His back pain is increased by walking, lifting or riding in a car. During the past two years he has developed early cataracts in both eyes which have *further increased his inability to carry on a gainful occupation.*

"I believe he should have been considered as having been unable to engage in a substantial gainful occupation during the period from early 1946 until now." (emphasis added)

Since retirement, Mr. Teeter has been handling his own personal affairs and has served on a township advisory board and as trustee of a county hospital. During oral argument, it was conceded that this employment called for attendance at a very few intermittent meetings and yielded scant remuneration.

The referee concluded from the reports of the Mayo Clinic and the first part of the statement of Dr. Morris, quoted above, that Mr. Teeter had shown only that his condition was such as might have made it dangerous for him to continue any longer with the work he was doing at Swift and Company, not that he was

completely unable to engage in any other occupation or in the same occupation at a decreased tempo. The referee notes that the Mayo Clinic physicians did not order Mr. Teeter to stop work, but prescribed methods of diminishing tension. The report of the Mayo Clinic is an expression of a hope, not shown to have been realized, that Mr. Teeter could continue working under limited conditions and specified treatment. For more than a year after examination at the Mayo Clinic Mr. Teeter made the attempt in which Swift and Company cooperated. Then, as aforementioned, Swift was forced to retire him because of permanent physical disability. Further, the referee found in the medical reports a lack of objective findings to show that Mr. Teeter was unable to do work of any kind, physical or mental, full or part time; a failure to name any mental or physical impairment which would produce that state; and, hence, concluded that the requirement of a medically determinable cause had not been met.

In the face of the statements by Dr. Coffin and Dr. Morris, and retirement by Swift and Company from a well-paying job on the basis of permanent physical disability long before Mr. Teeter was otherwise entitled to retire, the District Judge found the referee's findings to be without substantial evidential basis. The District Judge further determined that the referee had erred in equating "substantial gainful activity" with "any work of any kind, physical or mental, full time or part time," and in seeking to form his own medical conclusion as to what constituted physical or mental impairment of long-continued and indefinite duration, disregarding the conclusions of those more expert than he. Accordingly, the District Judge granted summary judgment to Mr. Teeter, reversed the Secretary's decision and ordered allowance of Mr. Teeter's application for a period of disability. Appeal was taken from that order.

The Social Security Act, 42 U.S.C.A. Sec. 405(g), provides for review of a final decision of the Secretary by action brought in the District Court. That Court is empowered to enter judgment upon the pleadings and transcript of the record, affirming, modifying or reversing the decision of the Secretary. The findings of the Secretary as to any fact, if supported by substantial evidence, are conclusive. The Secretary contends that the referee's findings are so supported. The District Court found to the contrary. The judgment of the District Court is final, except that it is subject to review in the same manner as a judgment in other civil actions, Sec. 405(g).

■ The Social Security statute does not require applicant to be completely helpless, but to be unable to engage in substantial and gainful activity (commensurate with his age, educational attainments, training experience, mental and physical capacities) by reason of a medically determinable physical or mental impairment. Aaron v. Fleming, D.C. Ala.1958, 168 F.Supp. 291, 295.

■ The activity in which applicant must be able to engage must not only be gainful but substantial. Dunn v. Folsom, D.C.Ark.1958, 166 F.Supp. 44, 49.

■ The expert opinion of Dr. Morris as to disability and inability to engage in any substantial, gainful employment, was admissible evidence for consideration by the referee and not, in itself, binding on him. But as it was not controverted by substantial evidence to the contrary, the referee's adverse decision on the ultimate fact was properly set aside. Hill v. Fleming, D.C.Pa.1958, 169 F.Supp. 240, 245.

The Secretary invites our attention to two Arkansas District Court cases dealing with applications for disability freeze: Hallard v. Fleming, 1958, 167 F. Supp. 205 and Fuller v. Folsom, 1957, 155 F.Supp. 348. We believe that these cases are distinguished on the facts from the matter before us. In the Hallard case the District Court, in analyzing the evidence, found (167 F.Supp. at pages 208–209) that one physician had recommended plaintiff do no work and had diagnosed plaintiff as totally disabled from performing "any gainful operation at the present

time." However, another physician had stated "that this patient's activities should be limited to sedentary work" and had added that he was "disabled for performing any sustained gainful occupation at this time." The District Judge in the Hallard case reasoned as follows: " * * the occupation need not be 'sustained'; it must only be substantial in the amount of time or effort put forth in pursuit of that occupation. A sedentary occupation such as recommended * * * could certainly be 'substantial.' "

In the Fuller case, the District Court's opinion indicates (155 F.Supp. at page 354) that plaintiff had testified that in his own opinion he was not able to engage in any kind of work, but that there was no substantial medical evidence to substantiate plaintiff's opinion.

The record in the case before us, unlike that in the Hallard and Fuller cases, dictates affirmance of the District Court judgment.

Affirmed.