Jeff ROOP, also known as Jeff Rupe, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Washington, D. C., Defendant.

Civ. A. No. 1030.

United States District Court
W. D. Virginia,
at Roanoke.
June 29, 1960.

R. Roy Rush, Roanoke, Va., for Jeff Roop.

H. Clyde Pearson, Asst. U. S. Atty., Roanoke, Va., for Flemming.

DALTON, Chief Judge.

This action comes before this Court upon a complaint filed December 14, 1959, to review a decision made June 19, 1959, by a Referee of the Department of Health, Education and Welfare, Social Security Administration holding that the claimant, Jeff Roop, was not entitled to the establishment of a period of disability under Section 216(i) or to disability insurance benefits under Section 223(a) of the Social Security Act, as amended.

The scope of the appeal is well settled in such cases. By 42 U.S.C.A. § 405(g) it is provided that "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * *." Thus the question for decision is whether there is substantial evidence in the record to support the Secretary's decision that the plaintiff is not precluded from engaging in any substantial gainful activity. It is the duty of the Court to consider the record as a whole. Boyd v. Folsom, 3 Cir., 1958, 257 F.2d 778, 781; Goldman v. Folsom, 3 Cir., 1957, 246 F.2d 776; Hill v. Fleming, D.C.W.D.Pa.1958, 169 F.Supp. 240.

The issue involved is whether the plaintiff, Mr. Roop, is entitled to the establishment of a period of disability and to disability insurance benefits under the Act.

The evidence establishes the following facts. For approximately ten years preceding April, 1952, Jeff Roop was employed by Radford Limestone Company, Inc., Radford, Virginia, during which time his wages were subject to deductions for Social Security. In April, 1952, Mr. Roop was stricken with pneumonia and hospitalized; he returned to work with the Limestone Company early in June, 1952, and was taken off his job as a crusher operator because of changes in his chest X-ray and was given total disability by the company—a diagnosis of silicosis was made at that time by the Radford Hospital and plaintiff was laid off his job.

Since June 6, 1952, Mr. Roop has not been engaged in any gainful employment or occupation.

On June 1, 1955, Mr. Roop, then fifty-four years of age, filed application under Section 216(i) of the Social Security Act to establish a period of disability beginning on the 6th day of June, 1952. And on December 5, 1957, he filed for insurance benefits under Section 223(a) of the Act. On May 27, 1958, both claims were disallowed by the Department of Health, Education and Welfare. On June 2, 1958, Mr. Roop requested a hearing on his claim by a Referee of the Social Security Administration. This hearing was held on February 16, 1959, and on June 19, 1959, the Referee found that the claimant was not entitled to the establishment of a period of disability or to disability insurance benefits. On October 20, 1959, the claimant's request for review was denied by the Appeals Counsel and he now seeks relief in this Court

■ Section 216(i), the so-called "disability freeze" provision, contemplates the elimination from the individual's earnings record of periods during which he was under a disability for the purpose of determining the amount of his average monthly wage (42 U.S.C.A. § 415(b)) upon which the amount of his benefits is based. Section 223, disability insurance benefits, provides for the payment of such benefits to an individual under a disability who has attained the age of fifty.

■ The plaintiff, in order to establish a period of disability or a claim for insurance benefits must show the "disability" as defined in Section 216(i) for the "freeze" and in Section 223(c) (2) for the insurance benefits, and also show that he has met the special "insured status" required by Section 216(i) (3). The special insured status requirement in effect when plaintiff filed his application (prior to 1958 amendment) is that the individual must have had a continuous "disability" which began at a time when he had 6 quarters of coverage (as defined in Section 213 of the Act (42 U.S.C.A. § 413)) in the 13-quarter period, and 20 quarters of coverage in the 40-quarter period, ending with the first quarter of disability. Plaintiff met this quarter of coverage requirement at the time of his alleged disability June 6, 1952, and last met this requirement in the quarter ending March 31, 1954.

To be eligible for the benefits applied for, the plaintiff must have, therefore, been under a continuous "disability" beginning not later than March 31, 1954, and continuing to the filing of his application. Section 223(c) of the Act (42 U.S.C.A. § 423(c)).

Section 216(i) (42 U.S.C.A. § 416(i)) defines disability as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration."

■ This Social Security statute does not require applicant to be completely helpless or "bed ridden", but to be unable to engage in substantial and gainful activity (viewed in context with his age, educational attainments, training and experience, and mental and physical capabilities) by reason of a medically determinable physical or mental impairment. Teeter v. Flemming, 7 Cir., 1959, 270 F.2d 871, 874; Sobel v. Flemming,

D.C.E.D.Pa.1959, 178 F.Supp. 891, 895; Lease v. Fleming, D.C.Md.1959, 178 F. Supp. 169, 172; Aaron v. Fleming, D.C. E.D.Ala.1958, 168 F.Supp. 291, 295; Jacobson v. Folsom, D.C.S.D.N.Y.1957, 158 F.Supp. 281, 286.

This Court is of the opinion that from the evidence presented by the record, the claimant, Mr. Roop, was suffering from a medically proven impairment before March 31, 1954, which rendered him unable to engage in a substantial, gainful employment, and which was continuing to, and at the time of, the filing of his application.

There is no real substantial issue of fact presented as to the nature and extent of the claimant's disability. A diagnosis of disseminating silicosis was confirmed at Radford Hospital and the University of Virginia Hospital. He has pulmonary disease with reduction in pulmonary reserve. He was in an automobile accident in 1953 in which his left foot was crushed, eight ribs were broken, and his upper jaw fractured. He complains of shortness of breath and a hacking non-productive cough, accompanied by chest pain. He has suffered an estimated loss of 35 pounds, most of which occurred between 1952 and 1953.

The real problem is whether the impairment results in an inability to engage in any substantial gainful activity.

The Secretary lays great stress on the adjective "any" preceding "substantial gainful activity" and cites in his Memorandum of Law the legislative history of the Act to show the strict concept of total disability intended by Congress. The Secretary cites cases which have given the following interpretation to the definition: "individual be disabled not only for his usual work but also for any type of substantial gainful activity." Hallard v. Fleming, D.C.W.D.Ark.1958, 167 F.Supp. 205; Ussi v. Folsom, D.C.N. D.N.Y.1957, 157 F.Supp. 679, affirmed 2 Cir., 254 F.2d 842; Remington v. Folsom, D.C.N.D.N.Y.1957, 157 F.Supp. 473; Fuller v. Folsom, D.C.W.D.Ark.1957, 155 F.Supp. 348.

However, as the Court in Klimaszewski v. Flemming, D.C.E.D.Pa.1959, 176 F.Supp. 927, said at page 931:

"[T]he definition of disability cannot be considered *in vacuo*. The definition relates to the individual claimant. '[T]he act is concerned not with a standard man of ordinary and customary abilities, but with the particular person who may claim its benefits and the effect of the impairment upon that person, with whatever abilities or inabilities he has.' Dunn v. Folsom, D.C.W.D. Ark.1958, 166 F.Supp. 44, 48."

This Court is of the opinion that this approach is the proper one. See also Sobel v. Flemming, supra; Berry v. United States, 312 U.S. 450, 455, 61 S. Ct. 637, 85 L.Ed. 945.

The Court in Klimaszewski further stated at page 932 of 176 F.Supp.:

"The word 'any' must be read in the light of what is reasonably possible, not of what is conceivable. The statute must be given a reasonable interpretation. It is a remedial statute and must be construed liberally. It was not the intention of Congress to impose a test so severe as that required by the Secretary and to exact as a condition precedent to the maintenance of a claim the elimination of every possibility of gainful employment."

See also Kohrs v. Flemming, 8 Cir., 1959, 272 F.2d 731; Parfenuk v. Flemming, D.C.Mass.1960, 182 F.Supp. 532, 535; Sobel v. Flemming, supra; Lewis v. Flemming, D.C.E.D.Ark.1959, 176 F. Supp. 872; Adams v. Flemming, D.C. Vt.1959, 173 F.Supp. 873; Dunn v. Folsom, D.C.W.D.Ark.1958, 166 F.Supp. 44.

When a claimant proves that he has reached the age of fifty-nine, that he has had only four years of schooling, that the only work he has ever done is manual labor requiring physical strength and stamina, and that he has physical impairment of lungs, foot, and chest which incapacitates him to perform any

of this type tasks, then he has proved that he is disabled.

Upon a review of the entire record, this Court concludes that the Department erred in finding that Mr. Roop was not disabled within the meaning of Section 216(i) and Section 223 of the Social Security Act.

For the foregoing reasons, it is the view of this Court that the decision of the Secretary should be reversed and that the plaintiff be granted, by this judicial determination under the power given this Court by Section 205(g) of this same Act (42 U.S.C.A. § 405(g)), a period of disability from the date of his last work and such disability insurance benefits as he would have been entitled to had his initial application been approved. The case of Parfenuk v. Flemming, supra, supports this view and concludes with an expression, which seems to fit this case, in saying: "it is important that a disabled, elderly man shall not suffer further delay in receiving the benefits which are provided for him by an Act of Congress."