**Ray L. HIER, Plaintiff,**

v.

**Abraham RIBICOFF, Secretary of the Department of Health, Education and Welfare of the United States of America, Defendant.**

**Civ. A. No. P-2326.**

United States District Court
S. D. Illinois, N. D.
May 2, 1961.

John E. Cassidy, Jr., Cassidy & Cassidy, Peoria, Ill., for plaintiff.

Harlington Wood, Jr., U. S. Atty., Springfield, Ill., for defendant.

MERCER, Chief Judge.

Plaintiff brings this action under Title 42 U.S.C.A. § 405(g) to review an adverse final decision of the Secretary of Health, Education and Welfare, under the Social Security Act. Plaintiff sought an

administrative determination that he was entitled to disability and disability benefits under the provisions of Title 42 U.S. C.A. §§ 416 and 423. The Hearing Examiner denied his claim. The plaintiff has exhausted his administrative remedies and is properly before this Court.

Jurisdiction is here conferred by Title 42 U.S.C.A. § 405(g), which also provides that any administrative findings of fact are conclusive if supported by substantial evidence. However, the Hearing Examiner did not make any finding of fact as such, and his written decision is in the form of Judicial Opinion. In the Court's opinion, his failure to specifically find, makes impossible a proper review where the evidence is controverted. Fortunately the evidence in this case is not in dispute; therefore, regardless of the impropriety of the Examiner's opinion, the Court is in a position to determine whether or not the administrative conclusion of fact and law is substantially supported by the uncontradicted evidence in the administrative record.

There appears to be no question and the parties seem to agree that under the Act the period of disability, if allowed, would have to commence no later than September 17, 1956, nor does the Secretary question the continuity of such disability from and after the last-mentioned date. The sole question, as stated by the Examiner:

> "The issue before the hearing examiner is whether the claimant is entitled to a period of disability under the provisions of Section 216 (i) (1) of the Social Security Act, as amended, and whether the claimant is entitled to disability insurance benefits under the provisions of Section 223(a) (1) of the Social Security Act, as amended; specifically whether claimant has been under a physical impairment of such severity as to prevent him from engaging in any substantial gainful activity." (Tr. 9)

The applicable statutory provisions define disability as inability to engage in any substantial gainful activity by reason of medically determinable physical or mental impairment which can be expected to result in death or to be of long continued and indefinite duration.

As mentioned, administrative findings if supported by substantial evidence are conclusive. However, on review, the Court is to consider the entire record. Further, in examining the record, particularly as here where the evidence is undisputed, the Court not only has a right but has a duty, to correct erroneous inferences and conclusions from that evidence. This and all courts must assume responsibility for the reasonableness and fairness of decisions of Federal agencies and when sitting on review, all courts must be influenced by a feeling that they are not free to abdicate the conventional judicial function. Universal Camera Corp. v. National Labor Relations Board, 1951, 340 U.S. 474, 490, 71 S.Ct. 456, 466, 95 L.Ed. 456; Goldman v. Folsom, 3 Cir., 1957, 246 F.2d 776; Sobel v. Flemming, D.C.1959, 178 F.Supp. 891.

The record in this case indicates the following: The plaintiff was born on September 1, 1897. He had only eight years of elementary school education. He had no additional formal education nor did he have any other training in trade or night schools, etc. His life's occupations included farming until the year 1922. In the year 1922, he went to work for Walworth Company and continued in the employ of that company until the commencement of his disability in 1956. His original duties were that of a truck helper and later a truck driver. He worked in these capacities until about 1944. He then became a supervisor and dispatcher. In this capacity it was his job to assign work, check railroad cars, keep records, etc. Among other things this work required walking over 38 acres of railroad tracks in order to record numbers and names on the box cars.

In April 1956, plaintiff first noticed feeling ill. He then fell down in July 1956, and as a result consulted Dr. Bruce Ehmke, a neurologist in Peoria. Dr. Ehmke diagnosed his condition as per-

nicious anemia. Without further detailing his medical history, suffice it to say, that he has since suffered from the condition diagnosed by Dr. Ehmke and has been unable physically to return to his former employment. Plaintiff's testimony is corroborated in this respect. A. Walter Wise, M. D., the physician selected by the Secretary, stated in his report of August 19, 1958:

"*Remarks*: This patient apparently has a well controlled Pernicious Anemia but cord changes are present and probably will not improve since they have not done tremendously in the last two years. This patient apparently cannot do his regular work but I can see no reason why he could not do some type of work where he is sitting and using his head rather than his hands. If possible, a job as elevator operator, watchman or some other sedentary occupation should be satisfactory for him." (Tr. 100)

Dr. H. R. Varney, in his report dated December 17, 1959, states:

"The above is physically unable to carry on gainful occupation. He has Pernicious anemia, poly neuritis of back and hips and involvement of the spinal cord." (Tr. 109)

The non-medical corroboration is also most significant. F. A. Mulholland, general foreman of Walworth Company, and Cecil Parker, testify without contradiction as to plaintiff's life-long work habits of industry and reliability and also express the opinion that if plaintiff could work, he would.

The Examiner concluded from these facts that "claimant undoubtedly has suffered a severe impairment". He goes on, however, and makes note of certain activities, to-wit: running a sweeper, making beds, washing windows, shopping, driving a car considerable distances, etc. He also notes the possibility of light or sedentary work and hence concludes that plaintiff's impairment is not of the degree of severity so as to meet the rigid definition of disability as provided by the Act.

On the basis of the entire record, the Court cannot find that there is any substantial evidence to support the decision of the Secretary. The reliance by the Examiner on sporadic non-activity by plaintiff does not justify the denial, nor is the Examiner's determination that the possibility of certain types of light work might be available, suitable to meet the test. The Examiner himself found plaintiff had "suffered a severe impairment". Perhaps most important is the Examiner's erroneous construction and application of the statutory test of "substantial gainful activity".

The Examiner's interpretation of the statute is set forth in his report as follows:

"Under the language of the statute, to establish a period of disability the claimant must show a medically determinable physical or mental condition which makes him unable to engage in any substantial gainful activity (Fuller v. Folsom, 155 F.Supp. 348 ([D.C.] W.D. Arkansas 1957). The definition of disability is drastically strict. For a person to qualify for a period of disability, it must be shown by competent medical evidence that his physical or mental impairment is expected to end in death or to be of long-continued and indefinite duration and, further, that it is of such a degree of severity as would preclude him from engaging is not only his previous or usual activities but in any substantial activities."

"An individual is not considered to be under a disability within the meaning of the Social Security Act unless he furnishes proof of the existence thereof. On the basis of the foregoing, it is apparent to the hearing examiner that the claimant does not meet the rigid severity test contemplated by the statute. Therefore, after careful consideration of all the evidence herein, the hearing examiner finds that the claimant has not incurred a medically determinable physical or mental impairment or-

combination of impairments as to prevent him from engaging in any substantial gainful activity on August 29, 1957, the date he filed his applications for a period of disability and for disability insurance benefits, or at any time prior thereto. He has thus failed to sustain the burden of proof to show his entitlement to disability insurance benefits or to the establishment of a period of disability."

From this language it seems obvious that the Examiner was in error both as to the extent of disability required and the rule of statutory construction to be applied. He has confused plaintiff's inability to engage in substantial gainful activity with total disability. The language of Judge Rives in Aaron v. Fleming, Ala., D.C.1958, 168 F. Supp. 291, 295, which is quoted in Corn v. Flemming, Fla.1960, 184 F.Supp. 490, 493, correctly states the rule:

"Even though the Act is worded in strong language and the Congressional history indicates a strict policy of application, to conclude in this case that the plaintiff is not 'disabled' within the meaning of the Act would make 'disability' commensurate with 'helplessness', 'bed-ridden', or 'at death's door'. No matter how infirm, or disabled, or sick a man is, if he still possesses some of his faculties and some degree of mobility, he is not in the strictest sense unable to perform 'any substantial gainful activity'. I do not interpret the Act to apply only to the totally helpless and bed-ridden nor to those at death's door."

The Examiner was using a conception of substantial "gainful activity" that is legally wrong. The correct application is not how substantial the gain is, "but how substantial the activity in which the plaintiff could gainfully engage"; Teeter v. Flemming, 7 Cir., 1959, 270 F.2d 871; Dunn v. Folsom, D.C.Ark.1958, 166 F. Supp. 44, 49; and Corn v. Flemming, supra, 270 F.2d at page 493.

The Examiner despite the fact that he conducted the interrogation of plaintiff, without limitation as to scope was unable to discover any specific area of employment available to claimant. True, there was some evidence that a sedentary type of employment, not requiring plaintiff to move about, might have been suitable. In this case, however, there was no evidence such occupations were available. Abstract speculation by the Examiner or Appeals Council as to a possibility of employment is not evidence which a claimant should have to refute; if it were, disability could never exist.

The Court also feels constrained to comment on the Examiner's determination of the rule of statutory construction to be followed in cases such as this. In his report in language previously set out in this opinion, he states that the "definition of disability is drastically strict * * * that it [disability] is of such a degree of severity as would preclude * * * engaging in not only his previous or usual activities but in any substantial activities." Such a statement, in this Court's opinion, completely frustrates the remedial nature of the statute. The language of Chief Judge, John E. Miller, in Sebby v. Flemming, D.C.Ark.1960, 183 F.Supp. 450, at page 454, conforms to this Court's interpretation as to the correct rule of construction as to application of Sections 416 and 423; Judge Miller says:

"Throughout the record the defendant and the Referee have placed great stress on the adjective 'any' which precedes the phrase 'substantial gainful activity.' Whenever possible, the word 'any' is underscored in the record. However, the word 'any' must be read in the light of what is reasonably possible—not what is conceivable. The statute must be given a reasonable interpretation. It is a remedial statute and must be construed liberally. It is not the intention of Congress to impose a test so severe as that required by the Secretary and to exact as a condition precedent to the

**26**

maintenance of a claim the elimination of every possibility of gainful employment. Klimaszewski v. Flemming, D.C.E.D.Pa., 1959, 176 F. Supp. 927, 931 (opinion by Chief Judge John Biggs, Jr., Third Circuit, sitting by assignment)."

For the reasons herein stated and for others apparent on the face of the record, the Court concludes that plaintiff has sustained his burden of proof. On the whole record and particularly in view of the limited and incorrect definitions which the Examiner and Appeals Council have given to the word "disability" and the phrase "substantial gainful activity", the Court concludes that the decisions of the Examiner and Appeals Council denying plaintiff's application for the establishment of a period of disability and disability benefits were not supported by any substantial evidence and that they should be set aside and reversed and judgment will be here entered for the plaintiff.