Kelly CUNNINGHAM, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

No. 2086.

United States District Court
W. D. North Carolina,
Bryson City Division.

Argued Jan. 30, 1963.

Decided March 6, 1963.

Hugh Monteith, Asheville, N. C., Monteith, Coward & Coward, Sylva, N. C., for plaintiff.

William Medford, U. S. Atty., Asheville, N. C., for defendant.

CRAVEN, Chief Judge.

Kelly Cunningham, on May 2, 1960, filed an application for disability benefits under Section 223 of the Social Security Act (42 U.S.C.A. § 423) and for the establishment of a period of disability under Section 216(i) of the Act (42 U.S.C.A. § 416(i)). The Examiner entered a finding that on the record before him Cunningham was not under a disability as contemplated by the Act and was not, therefore, entitled to any benefits. The Appeals Council refused to review the Examiner's decision.

■ In order for the claimant to become entitled to disability benefits under the Act, it is incumbent upon him to show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration * * *" 42 U.S.C.A. §§ 416(i) (1) and 423(c) (2).

The record before the Examiner and the Appeals Council was comprised of reports and letters from no less than seven doctors who had examined and/or treated claimant, reports from three hospitals in which claimant had been a patient, and letters from his former employer.

It is clear from the various doctors' reports that: (1) claimant is suffering from acute arthritis of the spine which has caused a marked forward curvature of the spine. According to at least one of his doctors, this arthritis is becoming increasingly limiting and disabling; (2) claimant is afflicted with recurrent internal bleeding caused, in the opinion of at least several of the doctors, by a gastric or duodenal ulcer; (3) claimant is anemic, weak, emaciated and frequently nauseated; (4) he has emphysema, chest malformation, and an acute susceptibility to respiratory infections; (5) he has frequent prolonged stomach pains; (6) his liver is reduced in size, and one doctor suspects cirrhosis; (7) claimant has a history of gall bladder trouble and numerous blood transfusions.

In addition to these specific medically determined ailments, Cunningham—though 5 feet 10½ inches tall—has consistently weighed only slightly over one hundred pounds in the last five or six years, his weight having decreased progressively during that period of time. Furthermore, two of his doctors noted moderate mental deficiency. One of the two emphasized this point. Two other doctors described claimant as "very tense" and having an "anxiety state". Added to all of this is the factor of illiteracy severely limiting his opportunities of employment.

■ Three doctors expressed the opinion that claimant was disabled. The expert opinions of physicians as to disability are not binding on the Examiner, but an expert opinion to that effect which is not seriously controverted by substantial evidence to the contrary supplies this court with a proper ground, *inter alia*, for reversal. Teeter v. Fleming, 270 F.2d 871, 77 A.L.R.2d 636 (7 Cir., 1959); Pope v. Celebrezze, 209 F.Supp. 392 (D.C. 1962). In addition to expressing an opinion as to claimant's disability, two doctors noted that there was no hope of his improving; that his condition would continue to worsen.

According to hospital records that constitute a part of the documents in this case, Cunningham was hospitalized during practically all of 1958 and the first six months of 1960. Claimant's former employer reports that he lost a total of 419 days from work during the period from November 1957 through May 1960; that for three years "Mr. Cunningham has been going on pure intestinal fortitude alone." A short letter from the same employer, for which claimant had worked as a laborer since 1945, states that Mr. Cunningham "retired" on July 1, 1960, as permanently and totally disabled.

■ In the face of voluminous medical evidence to the contrary, the Hearing Examiner concluded that Cunningham's impairments were not determinable by "clinical tests" and that "none of the clinical findings are sufficiently severe to warrant the claimant's subjective complaints or appearance." Seemingly, the Hearing Examiner interprets the words of the Act—"medically determinable"—to mean measurable by mechanical or electronic devices. Such a construction is too narrow. Weight and credence can and should be given the doctor's trained intellectual appraisal of his patient. Underwood v. Ribicoff, 298 F.2d 850 (4th Cir., 1962).

■ Section 205(g) of the Social Security Act (42 U.S.C.A. § 405(g)) gives this court jurisdiction to review any final decision of the Secretary of Health, Education and Welfare. The court is to look

at the *entire* record, both the evidence supporting and that opposing the Examiner's findings, to determine whether the Secretary's decision is supported by substantial evidence. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S. Ct. 456, 95 L.Ed. 456 (1950). Unquestionably, the Examiner's decision in this case lacks such support. The evidence is overwhelmingly to the contrary.

All relative matters considered—claimant's age (fifty-four), ill health, illiteracy, nature of work experience, mental and physical impairments—this court is convinced that Mr. Cunningham's disability is such that he is "unable to engage in any substantial gainful activity." See Underwood v. Ribicoff, supra; Roop v. Fleming, 190 F.Supp. 820 (D.C., 1960); 42 U.S.C.A. §§ 416(i) (A), 423 (c) (2).

The court adjudges on the record as a whole that the decision of the Hearing Examiner is not supported by substantial evidence and must be reversed.