Claude W. FOWLER, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education, and Welfare, Defendant.

Civ. No. 2135.

United States District Court
W. D. North Carolina,
Asheville Division.

Oct. 8, 1963.

Herbert L. Hyde, Asheville, N. C., for plaintiff.

Robert J. Robinson, Asst. U. S. Atty., Asheville, N. C., for defendant.

CRAVEN, Chief Judge.

This is an appeal by claimant Fowler seeking to reverse the decision of the Secretary denying him benefits or, in the alternative, to remand the cause to the Secretary for further proceedings.

Plaintiff, while employed by Tennessee Valley Authority as a field electrician, injured his back lifting a metal plate on July 19, 1960, and has not worked since that date. On April 10, 1961, plaintiff filed an application to establish a period of disability and for disability insurance benefits under Sections 216(i) and 223(a) (1) of the Social Security Act (42 U.S.C.A. §§ 416(i), 423(a) (1)). Ultimate administrative disposition of the application was made by the Appeals Council's refusal to review the Hearing Examiner's determination that plaintiff was not entitled to disability benefits, hence making the Examiner's decision that of the Secretary and subject to review by this court. 42 U.S.C.A. § 405(g). "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * *" but the court may remand the cause for a rehearing. Ibid. And, of course, the court may either affirm, modify or reverse the Secretary's decision. The facts and circumstances of the instant case, and particularly the ambiguous nature of the Hearing Examiner's opinion, are such that this court cannot tell with certainty whether the ultimate facts support the administrative decision. The matter will accordingly be remanded to the Secretary for further proceedings not inconsistent with the opinion of the court.

The record discloses that Mr. Fowler was examined and treated by several different doctors at several different medical institutions. All medical reports substantially agree that he suffers from complications resulting from a possible herniated or ruptured vertebral disc. He has, on several occasions, refused surgery.

It is not at all clear from the Hearing Examiner's decision whether the Examiner found Fowler to be "disabled" within the meaning of the Social Security Act or not. He *concluded* that "the claimant has not established that he had impairments, either singularly or in combination, of such severity as to preclude him from engaging in any substantial gainful activity at any time for which his application * * * was effective." The only findings of facts made by the Examiner tending to support this conclusion of law appear to be (1) that Fowler does not suffer from the degree of pain that he claims; (2) that Fowler's condition is surgically remediable. Is Fowler's condition deemed to be not disabling at all, or is it disabling but remediable? That important question is not answered with any degree of clarity by the Examiner.

If the Examiner's decision is to be interpreted to mean that Fowler is *not* unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration," (42 U.S.C.A. § 423(c) (2)), then he erred in failing to consider as partially determinative thereof the kind of work that Fowler can do in his present condition and the availability of such work in his locale. Erickson v. Ribicoff, 305 F.2d 638 (6th Cir., 1962); Pope v. Celebrezze, 209 F.Supp. 392 (D.C.1962).

If the Hearing Examiner's decision is to be construed as holding that Fowler is presently disabled but that his disability *can*, without serious equivocation, be corrected by surgery, then there

is an apparent discrepancy between that decision and the medical evidence in the record. The Examiner stated: *"Every doctor who has examined the claimant has recommended that the claimant follow a course of conservative treatment, and if this is not successful, that he submit to a myelogram for diagnostic purposes and then surgical intervention be accomplished.* There is sufficient evidence of record to conclude that with reasonable effort and safety to himself, the claimant could have this condition surgically corrected * * *."* (Emphasis added.) The fact is that *not one doctor* affirmatively recommended that "surgical intervention be accomplished." In their reports, the various doctors who examined Fowler used no stronger language relative to surgery than "consider", "possible", "probable", or "advisable". No doctor stated what the likely result of surgery might be, except that one indicated that he doubted that a good result could be anticipated due to Fowler's mental attitude and age. Further related to the "remediable" effect of surgery is Fowler's disclosure, for the first time, at the hearing that he had been advised years ago that he had a bone condition that might render surgery more harmful than helpful. No mention is made of such a condition in any of the medical reports of record. Determinative medical evidence should be adduced on this point. Too, since the Hearing Examiner's decision, there has been secured medical evidence indicating that surgery would be of no benefit to Fowler. That evidence is to be considered on remand.

■ Completely ignored by the Hearing Examiner—except negatively, perhaps—is the mass of medical evidence and opinion bearing upon Fowler's psychological attitude and condition. At least one doctor tied that directly to his physical impairment; it is no less worthy of consideration and weight. See: Wells v. Celebrezze, 209 F.Supp. 444 (D.C. 1962). It also appears that the Hearing Examiner paid no attention to doctors' opinions as to the degree of Fowler's incapacitation. He erred in that respect. See: Cunningham v. Celebrezze, 214 F. Supp. 619 (D.C.1963).

Error also appears in the Hearing Examiner's finding that there was "no medical evidence of any of the physical reactive patterns" that would result from persistent pain. There is substantial evidence of some atrophy of Fowler's left leg; there is also medical evidence of his having a heart murmur and possible circulatory impairment. According to the medical authorities cited by the Examiner, such conditions might very well be symptomatic of continued pain.

■ Apparently the Hearing Examiner ignored the determination of the Bureau of Employee's Compensation (United States Department of Labor) that Fowler is disabled. There has been promulgated by the Secretary a departmental regulation that another agency's decision that an individual is disabled "shall not be *determinative* of the question of whether or not an individual is under a disability for purposes of * * * the Social Security Act * * *." (Emphasis added.) "[T]his blunts the point but does not eliminate it." Kerner v. Flemming, 283 F.2d 916 (2d Cir., 1960). If, by regulation, it is not to be *determinative,* the plain implication is that it is to be accorded *some* weight.

Another curious question arises relative to Fowler's having been ruled disabled by the Bureau. From that source he received $413.64 every four weeks. How long will he get it? (Apparently this compensation is pursuant to 5 U.S. C.A. § 751 et seq., and will continue as long as he is disabled.) *QUAERE:* Since the repeal of 42 U.S.C.A. § 424, is there no law or regulation disallowing the receipt of disability benefits from more than one governmental agency? Has double compensation been provided by the Congress? These are questions of statutory construction that ought to be considered by the Secretary in the light of legislative history.

Remanded for a rehearing *de novo.*