**Francis R. WALLACE, Plaintiff,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.**

**No. FS–68–C–91.**

United States District Court
W. D. Arkansas,
Fort Smith Division.

Aug. 11, 1969.

**352**

David O. Partain, Van Buren, Ark., for plaintiff.

Robert L. Johnson, Asst. U. S. Atty., Fort Smith, Ark., for defendant.

## OPINION

WILLIAMS, District Judge.

### Statement

This is an action under Section 205(g) of the Social Security Act, as amended (42 U.S.C.A. § 405(g)), to review a "final decision" of the Secretary of Health, Education, and Welfare. This section provides, *inter alia*, that "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing" and that "The finding of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." Section 205(h) of the Act (42 U.S.C.A. § 405(h)) expressly restricts the judicial remedy to the aforesaid manner of judicial review, and contains a prohibition against an action under the general jurisdiction of the Federal district courts for a money judgment.

### Administrative Proceedings

On October 17, 1967 the plaintiff filed an application for establishment of a period of disability under Section 216(i) of the Act (42 U.S.C.A. § 416(i)) and for entitlement to disability insurance benefits under Section 223 of the Act (42 U.S.C.A. § 423) alleging the onset of a disability within the meaning of the Act on January 1, 1966 (Tr. 64–67). The Social Security Administration denied this application on December 21, 1967 (Tr. 68–69) and, upon the plaintiff's request for reconsideration, affirmed its denial (Tr. 70, 75–76). The plaintiff filed a request for a hearing before a hearing examiner March 18, 1967 and a hearing was conducted on June 6, 1967 (Tr. 7). The hearing examiner took testimony and secured documentary evidence relative to the plaintiff's application and on the record so constituted rendered a decision dated

July 2, 1968, holding the plaintiff not disabled within the meaning of the Act (Tr. 7–14). On August 30, 1968 the plaintiff made request to the Appeals Council of the Social Security Administration for review of the hearing examiner's decision (Tr. 4). Said request was denied on October 16, 1968 (Tr. 3), whereupon the decision of the hearing examiner became the "final decision" of the Secretary subject to judicial review herein.

### Proceedings in This Court

On December 5, 1968 the claimant in the administrative proceedings filed a complaint requesting a review of the decision of the Secretary of Health, Education and Welfare denying his claim pursuant to the right provided by 42 U. S.C.A. § 405(g). This complaint was filed within sixty days after notice to the claimant of the denial of his claim. (Tr. 3).

On January 17, 1968 pursuant to motion of the Secretary of Health, Education and Welfare the time for answering the complaint was extended until April 4, 1969; and on April 3, 1969 answer together with a certified copy of the transcript of the proceedings in connection with the claim was filed. Previously, on March 20, 1969 by order of the Court, Robert H. Finch who succeeded Wilbur J. Cohen as Secretary of Health, Education and Welfare was substituted as party defendant in the action.

On May 5, 1969 the defendant filed a motion for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure together with a supporting brief; and on May 27, 1969 plaintiff filed a similar motion for summary judgment pursuant to such Rule together with a supporting brief.

### Statement of The Issue

The issue for determination is whether there is substantial evidence in the record to support the decision of the Secretary that the plaintiff was not disabled within the meaning of the Social Security Act, which defines "disability" as the:

"* * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.A. § 416(i) (1).

There is no dispute as to the fact that the plaintiff has a medically determinable physical impairment which can be expected to last for a continuous period of not less than 12 months, nor is there any dispute that by reason of such impairment he can no longer engage in the strenuous work which he formerly pursued, but notwithstanding such impairment which resulted from an admittedly arteriosclerotic heart disease there is medical evidence in the record from which the hearing examiner could and did determine that the plaintiff could do light work. Thus the final issue before the administrative body was whether the plaintiff who had the physical capacity to do light work was nevertheless unable to "engage in any substantial activity" within the meaning of such language contained in the Social Security Act.

The record discloses evidence upon which the administrative body could have based a conclusion that the claimant could not "engage in any substantial gainful activity," notwithstanding his admitted physical capacity to do light work, as it appears that the claimant had little education, no experience in or training for skilled employment, and that his ability to-earn a living depended largely upon his capacity to do manual labor which he could no longer do. But the issue here is whether there is any substantial evidence which will support the conclusion denying the claim of disability, which was tantamount to a finding that the claimant could engage in "substantial gainful activity."

The decision of the hearing examiner (Tr. 7–14) denying the claim which became the final decision of the Secretary (Tr. 3) was predicated (1) upon his

finding that the claimant could do light work (Tr. 12–13) and (2) upon the testimony of the witness John P. Anderson called by the examiner as a vocational expert (Tr. 13). In the light of the previous analysis there is no issue with respect to the examiner's finding that claimant could do light work and so the answer to the final issue turns upon whether the testimony of the witness Anderson is substantial evidence with respect to the question of whether the claimant in the light of his lack of education, experience or training can "engage in any substantial gainful activity" when he no longer can do arduous labor and can only do light work.

The witness Anderson concluded that the claimant could possibly engage in such activities as, (1) "farm work or cattle raising," notwithstanding, his admission that "some of this work such as fence repairing, probably lifting the heavy feed or packages of feed and so on would not be within his physical capacity," as this entailed arduous tasks which could not be performed by the claimant alone" (Tr. 60–61); (2) "property equipment watching, * * * light machine operator, counting and sorting and uncomplicated assembly work," though he conceded that even as to such occupations his "known heart condition and being under medication would be factors" to be further considered; and the "one other possibility" was the use of his pickup truck in hauling or transporting "products or objects," though he admitted "it could not be full hauling or transporting" and * * * "it would have to be a pretty special type of situation, * * * items not weighing more than 10 or 20 pounds." (Tr. 62)

■ Assuming that the witness Anderson was a qualified vocational expert,[1] the Court is of the opinion that his testimony is not substantial evidence that the claimant can engage in "substantial gainful activity" within the meaning of the Social Security Act.

In the case of Celebrezze v. Bolas (8 Cir. 1963), 316 F.2d 498, the Court said at page 501 that, " 'Substantial evidence is more than a mere scintilla * * *.' It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and it must be based on the record as a whole." "National Labor Relations Board v. Columbian Enameling & Stamping Co., 1939, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660; Universal Camera Corp. v. N. L. R. B., 1951, 340 U.S. 474, 487–488, 71 S.Ct. 456, 95 L.Ed. 456." The Court further said, at page 506 of its opinion, that the test to be applied was whether the claimant would have been entitled to an instructed verdict had the cause been tried to a jury. In this instance the Court would have instructed a verdict for the claimant because the testimony of the witness Anderson is not substantial with respect to the issue here involved; and no other substantial evidence in the record supports the conclusion of the Secretary that the claimant could engage in some "substantial gainful activity."

In the case of Ribicoff v. Hughes, 8 Cir., 1961, 295 F.2d 833, it appears that the hearing examiner found, as the examiner did here, that the claimant met the requirement of having a medically determinable impairment of some severity which was expected to be permanent, but nevertheless found, as the examiner did here, that the claimant did not meet the requirement that there must be a present inability to engage in any substantial activity by reason of such impairment. The Court of Appeals referred to and quoted from the opinion of the district court as follows:

"Judge Weber, who reviewed and reversed the decision of the Secretary said:

'The claimant's work experience, age, proficiencies and education must be considered in making a determination of whether the claimant

---

[1]. There may be some question as to whether the witness qualifies as a vocational expert. (Tr. 56–57)

is able to engage in any substantial gainful activity. Adams v. Flemming, [D.C.] 173 F.Supp. 873.

'This record does not support the finding by the Referee that the plaintiff is able to engage in any substantial gainful activity. To the contrary the record discloses that the plaintiff is fitted only for manual labor and is precluded from it by his disability. The disabling effect of an impairment must be measured in the light of plaintiff's abilities and disabilities. Dunn v. Folsom, supra [D.C., 166 F.Supp. 44]; Aaron v. Flemming, [D.C.] 168 F. Supp. 291; Adams v. Flemming, supra; Jacobson v. Folsom, [D.C.] 158 F.Supp. 281. The activity which the plaintiff must be able to engage in must be a substantial one. Dunn v. Folsom, supra.'

"The judge concluded that the plaintiff had sustained his burden of proving that his disability was within the requirements of the Act." Ribicoff v. Hughes, 295 F.2d 836.

The Court of Appeals in the Hughes case, supra, affirmed the decision of the district court reversing the decision of the Secretary and said:

"The activity in which a disabled claimant can be found to be able to engage must be both substantial and gainful and within his capacity and capability, realistically judged by his education, training and experience.

"In Klimaszewski v. Flemming, D.C.E. D.Pa., 176 F.Supp. 927, 932, Chief Judge Biggs, of the Court of Appeals for the Third Circuit, sitting as a District Judge by assignment, said:

'* * * The claimant's proof that he is not qualified to engage in any substantial gainful activity is not adequately countered by the [Social Security] Administration's suggestions of possible employment.

'The word "any" must be read in the light of what is reasonably possible, not of what is conceivable. The statute must be given a reasona-

ble interpretation. It is a remedial statute and must be construed liberally. It was not the intention of Congress to impose a test so severe as that required by the Secretary [of Health, Education and Welfare] and to exact as a condition precedent to the maintenance of a claim the elimination of every possibility of gainful employment.'

"See, also: Teeter v. Flemming, 7 Cir., 270 F.2d 871, 874, 77 A.L.R.2d 636; Kohrs v. Flemming, 8 Cir., 272 F.2d 731, 736; Dunn v. Folsom, D.C. W.D.Ark., 166 F.Supp. 44, 48; Sebby v. Flemming, D.C.W.D.Ark., 183 F. Supp. 450, 454." Ribicoff v. Hughes, 295 F.2d 837.

■ The Court concludes that the record discloses that the claimant sustained the burden of proving that he was disabled within the meaning of the Social Security Act, "realistically judged by his education, training and experience," and that the testimony of the witness Anderson suggesting only possibilities of employment is not substantial evidence controverting such proof of disability, assuming without deciding that he qualified as a vocational expert. We quote the witness's summary as to the claimant's "possibilities of employment."

"Q. All right. Can we summarize your statement, Doctor, that the possibilities of employment would be limited with a background that I have given you here in my assumed set of facts?"

"A. Quite limited." (Tr. 62)

In his application the claimant asserts the onset of his disability as of the date of January 1, 1966 but the record discloses that his disability resulted from a heart condition commencing on June 1, 1966 (Tr. 7; 53) and concerning which he first consulted and was treated by Dr. Robert L. Calaway on June 3, 1966. (Tr. 100)

The decision of the Secretary is reversed with direction that the plaintiff in this action be paid the benefits pro-

vided by the Social Security Act on the basis of a disability as of the date of June 1, 1966, and a judgment will be entered in accordance with this opinion.