**William IANNUZZELLI**

v.

**Abraham A. RIBICOFF, Secretary of Health, Education and Welfare.**

**Civ. A. No. 28497.**

United States District Court
E. D. Pennsylvania.

Sept. 27, 1961.

DeMarco & Battaglini, by James J. De-Marco, Philadelphia, Pa., for plaintiff.

Joseph S. Lord, III, U. S. Atty., by Sullivan Cistone, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

WOOD, District Judge.

This is another case in which the Secretary of Health, Education and Welfare determined that the plaintiff had failed to prove that he was unable to engage in any substantial gainful activity, within the meaning of the Social Security Act, 42 U.S.C.A. § 301 et seq. Our duty is to review the evidence before the administrator and determine whether this conclusion is supported by substantial evidence.

At a hearing conducted before an examiner, the plaintiff and one of his friends testified as to the plaintiff's physical condition and as to the plaintiff's difficulty in finding employment. This testimony, together with the medical exhibits, presented the following *undisputed* facts.

The plaintiff is now 67 years old. He reached only the 6th grade in school. At the pertinent times involved herein, he had (and still has) these physical infirmities: an artificial eye; a useless finger on his right hand; and a painful leg, which requires him to walk with a cane. These are his overt disabilities. In addition, the medical evidence shows that he has Paget's disease, a slowly-progressing disintegration of the hip bones; a malformed vertebra; a renal calculus (kidney stone);[1] and "sciatica."

The plaintiff told how much his leg pained him, and how he had to use a cane. He also described how he had tried to obtain employment doing anything at all, but was rejected because of the cane. He had been hospitalized and put in traction for this condition, and it was diagnosed at that time as "sciatica." The Appeals Council's evaluation of this evidence consisted of an observation that there was no evidence that the use of a cane had been medically prescribed. The Council further stated that although it recognized plaintiff's difficulty in securing employment because of his age and lack of education and skill, nevertheless the Social Security Act precluded the consideration by the Council of this situation in their determination of whether plaintiff had proved himself unable to engage in any substantial gainful activity.

It is noteworthy that the hearing examiner and the Appeals Council were both apparently content with the sufficiency of the diagnosis of sciatica, and were able to determine from this diagnosis that plaintiff could nevertheless engage in "light work."

We think this conclusion was completely without support in the record. In the first place, "sciatica" can be of varying severity and can stem from different more basic physical conditions. There was no evidence that the plaintiff had a non-debilitating case of sciatica; or that plaintiff was not really in pain; or that his case would improve. There was no finding by the hearing examiner or the Appeals Council that plaintiff's testimony was unworthy of belief. Still, the only significance attributed to this condition by the administration was that plaintiff had never been told by a doctor to use a cane.

Secondly, the Council held that it could not even consider the admitted fact that plaintiff could not obtain employment because of his age, limited abilities, and medical history, in deciding his right to disability benefits. No citation of authority was given in support of this position; and we would have to be convinced by some judicial pronouncement or legislative history which clearly stated such a rule before we would adopt it. We

---

1. Dr. Barker did not see the stone in his X-rays, but he admitted that "the visualization is not ideal." (Record page 76).

think that if a man proves that he is in such a physical condition and at such an age that no one will hire him, he has proved a prima facie case under the Act. The plaintiff has proved such a case.

Reversed.

### Order

And now, to wit, this 27th day of September, 1961, It Is Hereby Ordered that the plaintiff's motion for Summary Judgment is Granted and the defendant's motion for Summary Judgment is Denied.

