Samuel ZIERLER, Plaintiff,

v.

Abraham A. RIBICOFF, Secretary of
Health, Education and Welfare,
Defendant.

Civ. A. No. 26983.

United States District Court
E. D. Pennsylvania.

Oct. 25, 1961.

Donald H. Pugh, Chester, Pa., Rames
J. Bucci, Bucci & Bucci, Philadelphia,
Pa., for plaintiff.

Joseph S. Lord, III, U. S. Atty., Philadelphia, Pa., for defendant.

ALLAN K. GRIM, District Judge.

This action, brought under Section 205(g) of the Social Security Act,
42 U.S.C.A. § 405(g), is in substance

an appeal from the Secretary's decision [1] that plaintiff is not entitled to establish a period of disability [2] as defined in Section 216(i) (2) of the Act, 42 U.S.C.A. § 416 (i) (2). Both parties have moved for summary judgment. It is the duty of this court to "review the evidence before the administrator and determine whether this conclusion is supported by substantial evidence," Iannuzzelli v. Ribicoff, D.C.E.D.Pa.1961, 197 F.Supp. 506, 42 U.S.C.A. § 405(g).

While there is no dispute over the fact that plaintiff was injured in November of 1955 and that he was receiving workmen's compensation payments under an agreement with the employer and the workmen's compensation insurance carrier, the Appeals Council found that the Social Security Referee was correct in finding that plaintiff

" * * * has failed to establish that he has a medically determinable physical or mental impairment or combination of impairments of such nature or severity commencing at or just prior to the time when he last met the earnings requirements that actually precluded him from engaging in any substantial gainful activity, and that such impairments continued in severity without interruption until filing his application to establish a period of disability."

Section 216(i) (1) of the Act, 42 U.S.C.A. § 416(i) (1) provides:

" * * * the term 'disability' means (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration, or (B) blindness * * *."

The Referee summarized the medical evidence as follows:

"The record contains a medical report from Dr. Michael P. Mandarino,

dated August 15, 1956, (Exhibit 4), setting forth that the claimant's present condition had its inception on November 29, 1955. Subjective symptoms were noted as occasional sharp, stabbing, severe pain in the thoracolumbar area. He also found that the claimant had symptoms usually associated with spinal cord tumor, (neurofibroma). A spinal fusion; removal of the disc was performed on February 14, 1956, and that claimant was ambulatory with a brace. His diagnosis was rupture, intervertebral disc, post-operative; spinal cord tumor, post-operative. He remarked that 'he hoped claimant could return to his original occupation within six months.'

"In response to an inquiry from the Bureau requesting further medical findings in reference to the post-operative spinal cord tumor, Dr. Mandarino, on February 13, 1957, (Exhibit 6), furnished the following, Claimant had a spinal cord tumor removed in addition to his spine fusion on February 14, 1956. Pathological report showed a neurofibroma. The tumor was totally extirpated as far as could be determined by Dr. Axel Olsen, neurosurgeon in charge. Neurological symptoms consisted of continued numbness over the dermatomes of L-1 and L-2 with pain occasionally radiating along the sciatic on the right side. The claimant also complained of complete fatigue after short exertion.

"At the hearing claimant submitted an additional medical statement from Dr. Mandarino dated September 16, 1958, (Exhibit 11), which stated that the claimant was totally incapacitated for gainful employment at this time and his date of return to work was indefinite."

---

1. In fact, that of the Appeals Council of the department's Social Security Administration. See Goldman v. Folsom, 3 Cir., 1957, 246 F.2d 776, 778, footnote 6.

2. Maintaining his eligibility for benefits under the Act although not employed: 42 U.S.C.A. § 414.

**808**

The Referee concluded that plaintiff's impairment "was not of sufficient severity as to preclude him from engaging in any substantial gainful activity." He found that plaintiff "had sufficient mental and physical capacity to engage in various fields of endeavor, not requiring prolonged walking, standing, or arduous duties, if he so desired, commensurate with his age, training, past background and experience."

The Appeals Council concluded its decision thus:

> "While Dr. Staples concluded that 'there is very little likelihood of this patient ever returning to gainful employment', it appears to us, and we find, that even if this statement is true the whole examination and complete report thereon clearly indicates that this is not due to the claimant's condition but rather to his attitude."

The last thought in this quotation suggests that plaintiff's fundamental disability may not be physical at all, but psychological, and the record does not contain any record of a psychological examination. The record likewise is barren of evidence of opportunities for employment of a person in plaintiff's condition and possessing his background. "Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available." Kerner v. Flemming, 2 Cir., 1960, 283 F.2d 916, 921.

Plaintiff, as the claimant, had the burden of proof, 42 U.S.C.A. § 416(i) (1), but " * * * it does not follow that the court is bound to sustain a denial of disability benefits where the applicant has raised a serious question and the evidence affords no sufficient basis for the Secretary's negative answer." Kerner v. Flemming, supra, 283 F.2d at pages 921–922.

Under Section 205(g) of the Act, 42 U.S.C.A. § 405(g) the court is given " * * * power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." Cross-motions for summary judgment are pending before the court and require disposition. In order that the matter can be reopened to permit the introduction of further and necessary evidence, the court enters the following

**Order**

And Now, October 25, 1961, the decision of the Secretary is reversed, the cause is remanded to him for a rehearing on the matters indicated in this opinion, pursuant to 42 U.S.C.A. § 405(g), and plaintiff's and defendant's motions for summary judgment are severally denied.