James E. PATTON, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 2459.

United States District Court
D. Delaware.

March 18, 1964.

William T. Lynam, III, Wilmington, Del., for plaintiff.

Stanley C. Lowicki, Asst. U. S. Atty., Wilmington, Del., for defendant.

STEEL, District Judge.

This is a civil action brought under Sec. 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare which determined that plaintiff was not entitled to disability insurance benefits or to a period of disability under Secs. 223(a) and 216(i) of the Act, 42 U.S.C. §§ 423(a), and 416(i).

On November 14, 1960 plaintiff applied to the Department of Health, Education and Welfare for a period of disability and disability benefits, claiming that since September 25, 1959 he had been unable to work because of neurodermatitis. After prior administrative processing, the claim was heard on September 28, 1961 by a Hearing Examiner. On January 19, 1962 the Examiner determined that plaintiff was entitled to no relief, and on the same date mailed notice of the decision to plaintiff. Plaintiff thereupon requested a review by the Appeals Council of the Examiner's decision. The request was denied on March 6, 1962, and on the same date notice thereof was sent to plaintiff. The decision of the Examiner thereby became the final administrative decision on the claim.

On May 3, 1962 the present complaint was filed. The Secretary has filed an answer having attached to it a certified copy of the transcript of the administrative record in accordance with Sec. 205(g), 42 U.S.C. § 405(g), and has moved for summary judgment upon the ground that he is entitled to judgment as a matter of law.

Plaintiff resides in Wilmington, Delaware, in this judicial district. Jurisdiction exists under Sec. 205(g), 42 U.S.C. § 405(g), of the Act.

Sec. 205(b), 42 U.S.C. § 405(b) provides that when the Secretary makes a determination of the rights of a person

to disability payments, he must make findings of fact to support his decision. Upon review, the findings are conclusive if they are supported by substantial evidence. Sec. 205(g), 42 U.S.C. § 405(g).

Sec. 223(a) of the Act, 42 U.S.C. § 423(a), provides that,

"(a) (1) [e]very individual who * * *

"(D) is under a disability (as defined in sub-section (c) (2) of this this section) at the time such application is filed, shall be entitled to a disability insurance benefit * * *."[1]

Sub-section (c) (2) of Sec. 223, 42 U.S.C. § 423(c) (2), states,

"The term 'disability' means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration."

Under the statute disability must be denied unless the record will support three findings: (1) a medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration, (2) an inability on the part of the claimant to engage in any substantial gainful activity and (3) such inability stems from the impairment. Pollak v. Ribicoff, 300 F.2d 674, 677 (2nd Cir. 1962).

The Examiner made no finding on the first point. Instead, he concluded: (R-13):

"claimant has not established that he has impairments, either singularly or in combination, of such severity as to preclude him from engaging in any substantial gainful activity at any time for which his application of November 14, 1960, was effective."

The plaintiff has been afflicted with neurodermatitis since 1954 despite treatment by a number of doctors. At the time of the hearing, according to plaintiff, his condition was getting worse. The doctor who treated plaintiff for three weeks in 1954 at the Veterans Hospital concluded that "further localized care would be of no value." Dr. Laskas, who examined plaintiff at the government's request and expense in October 1961, concluded that "the long range prognosis is poor. Recurrences are very common; acute infectious complications can be disabling (limiting walking, lifting, stooping), and adequate care may require neuropsychiatric as well as dermatologic attention." Thus, there was some evidence in the record that plaintiff's condition might continue for a long and indefinite period and, by limiting his walking, lifting, and stooping, prevent him from obtaining employment as a laborer, which was his sole prior employment.

If the dermatitis could have been diminished with reasonable effort and safety to plaintiff so that it would not prevent him from engaging in any substantial gainful activity, the dermatitis then could not be a disability entitling him to disability insurance. Social Security Administration Regulation, 20 CFR § 404.1502(g). Both the dermatologist and the psychiatrist at the Veterans Hospital had recommended psychiatric treatments for plaintiff, but plaintiff refused to follow their advice.[2] After referring to this, the Examiner said (R-12):

"The claimant has the obligation to pursue and secure such therapy as would cure or at least appreciably alleviate the impairment of which he complains and for which he seeks statutory benefits."

---

1. The additional eligibility requirements for disability insurance stated in Sec. 223(a) (1) (A) (B) (C), 42 U.S.C. § 423(a) (1) (A) (B) (C) are not presently significant.

2. Plaintiff stated that other doctors had said it would not help him. Drs. Goens and King who examined plaintiff indicated, at least by their failure to recommend psychiatric treatment, that it would not be beneficial.

Whether the Examiner's conclusion that the dermatitis was not of sufficient severity to keep plaintiff from obtaining substantial gainful employment was based, in whole or in part, on plaintiff's failure to seek therapy, is not revealed by the decision. The Examiner's reference to plaintiff's failure to obtain psychiatric treatment suggests that the Examiner considered the fact significant. There is no evidence in the record, however, to support the conclusion, if such was the Examiner's view that therapy would have cured or appreciably have alleviated plaintiff's condition. The dermatologist who examined plaintiff at the Veterans Hospital stated that plaintiff's condition "would not improve unless the psychiatric problem was initially removed" and the psychiatrist at the Veterans Hospital diagnosed plaintiff's difficulty as "Incipient Psychosis, probably schizophrenic or a severe character neurosis" and recommended "two weeks of intramuscular Thorazine and a long term of psychotherapy." But neither the dermatologist nor the psychiatrist stated he. believed that therapy would be of probable benefit to plaintiff. It is conceivable that they felt that there was only an outside chance that psychiatric treatment would help, but that it should be tried since no benefits could be expected from medical treatment. What they said is not inconsistent with such an opinion on their part. While Dr. Laskas stated that "adequate care may require neuropsychiatric as well as dermatologic attention" this is not equivalent to a professional judgment that as a matter of probability the psychotherapy would, to use the Examiner's words, "appreciably alleviate the impairment." The failure of one claiming a disability to follow prescribed treatment has been found to be grounds for denying a claim when evidence exists of its probable effectiveness. Copelin v. Ribicoff, 194 F.Supp. 953, 954 (W.D.Mo.1961); Remington v. Folsom, 157 F.Supp. 473, 474 (N.D.N.Y.1957); Bradey v. Ribicoff, 298 F.2d 855, 857 (4th Cir. 1962). See also Theberge v. United States, 87 F.2d 697 (2nd Cir.

1937) involving a claim for permanent and total disability on a war risk insurance policy. Here there was no such evidence.

From the Examiner's decision it is not possible to tell whether he concluded that wholly apart from any benefits plaintiff might derive from psychiatric treatment, plaintiff's condition was not such as to prevent him from being sustantially and gainfully employed, or whether the Examiner was of the opinion that although plaintiff's condition was disabling, it could be cured sufficiently by psychotherapy to enable him to perform substantial gainful activities. Compare Fowler v. Celebrezze, 222 F.Supp. 609, 610 (W.D. N.C.1963), where the Court said: "Is Fowler's condition deemed to be not disabling at all, or is it disabling but remediable? That important question is not answered with any degree of clarity by the Examiner."

Although the Examiner found that plaintiff was competent to engage in substantial gainful activity, he failed to find (1) what plaintiff could do and (2) what employment was open to a person who could do what the plaintiff could do. Findings on each of these issues is required to support a finding that plaintiff was able to engage in substantial gainful activity. Kerner v. Flemming, 283 F.2d 916, 921 (2nd Cir. 1960); Pollak v. Ribicoff, supra, p. 677. In Zierler v. Ribicoff, 198 F.Supp. 806 (E.D.Pa.1961) the decision of the Secretary was reversed so that further hearings could be conducted on the issue of employment opportunities.

From what has been said it is apparent that the decision is lacking in essential findings. The motion of the Secretary for summary judgment will be denied, and the case remanded so that the necessary findings can be made. In making them the Examiner may, of course, take into consideration any burden of proof rule which is applicable. If in the view of the Examiner the record requires supplementation, the case may be reopened for that purpose.