Bernice C. **WHALEY**, Appellant,

v.

John W. **GARDNER**, Secretary of Health, Education and Welfare, Appellee.

No. 18522.

United States Court of Appeals
Eighth Circuit.

March 14, 1967.

Donald H. Whaley, Clayton, Mo., for appellant.

Stephen H. Gilmore, Asst. U. S. Atty., St. Louis, Mo., for appellee. John W. Douglas, Asst. Atty. Gen., Washington, D. C., and Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., were on the brief.

Before VAN OOSTERHOUT, BLACKMUN and MEHAFFY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This action was brought by claimant, Bernice C. Whaley, against the Secretary of Health, Education and Welfare, pursuant to § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to obtain judicial review of the final decision of the Secretary denying claimant's application for disability benefits under 42 U.S.C.A. §§ 416(i) and 423.

The District Court for reasons stated in a well-considered opinion—255 F. Supp. 862—affirmed the Secretary's decision. This is a timely appeal from such final judgment.

Coverage under the Act is conceded. The dispositive issue before us is whether the District Court erred in its determination that the Secretary was warranted upon the record in finding that the claimant did not establish the degree of disability required by the Act to entitle her to disability benefits.

The standards for review in cases of this kind are well-established and fully developed in our prior cases and need not be repeated here. Brasher v. Celebrezze, 8 Cir., 340 F.2d 413; Celebrezze v. Sutton, 8 Cir., 338 F.2d 417; Celebrezze v. Bolas, 8 Cir., 316 F.2d 498.

We have carefully examined the entire record. It clearly appears that the applicable standards above stated were strictly adhered to by the trial court. We are in full agreement with the trial court's determination that the Secretary's findings have substantial evidentiary support. No purpose will be served in reviewing the extensive evidence in detail. Such evidence is fairly stated and summarized in the decision of the Appeals Council which became the final decision of the Secretary and in the District Court's opinion. The evidence is likewise considered and stated in detail in the original Examiner's report and in the report of the second trial Examiner made after remand. The decision of the District Court is affirmed upon the basis of the findings and reasoning contained in its well-considered opinion.

■ Prior to the hearing on remand before the Examiner on July 8, 1965, the claimant's disability claim was based upon physical disability. Many doctors examined claimant and their reports appear in the record. While some of such testimony lends support to claimant's claim of physical disability, there is substantial evidence to support a contrary view. Hence, the court was fully warranted in accepting the Secretary's findings and determination that physical disability to the extent required by the Act had not been established.

Claimant first presented a contention of mental disability in the nature of a psychosomatic or psychoneurotic condition at the hearing before the Examiner on July 8, 1965. Such claim is based primarily upon the testimony of Dr. Gagliardo, a qualified psychiatrist who first examined claimant on June 30, 1965, and again examined her on July 6, 1965. He testified that claimant was suffering from a depressive reaction, that she was in need of treatment, and was totally disabled at the time he testified. He further stated that she was having no delusions or hallucinations, that she was oriented in all spheres, that her memory was intact, that her judgment was impaired, that she did not express any suicidal tendencies and did not need hospitalization. He was unable to say when the mental problem developed or became disabling. Included in his testimony is the following:

"Q. Do you feel like there is a reasonable expectation of substantial improvement of her condition with your treatment and therapy?

"A. Yes, I do.

"Q. What percentage * * * of your patients—would you say that have similar ailments, do show substantial improvement * * *

"A. * * * according to my experience with a patient like this, * * * if she goes along with the treatment, they improve.

"Q. And doctor, what is the normal time usually that is required to show

improvement if they will follow your therapy and your treatment?

"A. From three to six months."

 Upon the basis of such testimony, the Secretary was warranted in determining that the claimant had not established that her mental disability was such that meets the requirement of 42 U.S.C.A. § 416(i) as amended in 1965 that it "has lasted or can be expected to last for a continuous period of not less than 12 months."

As pointed out by the trial court, an individual will not be considered under disability if, with reasonable effort and safety to himself, the impairment can be diminished.

Claimant raises several errors with respect to the reception and consideration of evidence. Such contentions are without merit. Objection is made to the consideration of the report of Dr. Cannon which was received in evidence at the first hearing. At the time of the first hearing, the only objection made went to the qualifications of the doctor and an expressed desire of the claimant to explain the nature of the examination. Claimant was permitted at both hearings to testify fully as to the character of the examination. No right to cross examine Dr. Cannon was asserted at the first hearing. Such issue was first raised at the 1965 hearing. Other medical reports similar to that of Dr. Cannon were received in evidence at both hearings. The reports introduced at the first hearing became a part of the record when they were received. At the time of the first hearing, Dr. Cannon would have been available for cross-examination. He died before the second hearing. Administrative agencies are not restricted to rigid rules of evidence. See Federal Trade Commission v. Cement Institute, 333 U.S. 683, 705–706, 68 S.Ct. 793, 92 L.Ed. 1010.

Claimant's additional contention relates to the consideration by the first trial examiner of various medical books and papers not in evidence. We agree with the trial court that claimant was ac-

corded a full and fair hearing by the second trial examiner and by the Appeals Council and that no consideration was given to such extraneous matter in connection with their determinations and that no prejudice could possibly result from any erroneous consideration of extraneous matter by the first hearing examiner.

The judgment of the trial court upholding the Secretary's denial of the claim here asserted is affirmed.