James E. **WILLIAMS**, Plaintiff,

v.

Caspar W. **WEINBERGER**, Secretary of Health, Education and Welfare, Defendant.

No. 73CV459–S.

United States District Court,
W. D. Missouri, S. D.

March 8, 1974.

Kenneth W. Johnson, Springfield, Mo., for plaintiff.

Bert C. Hurn, U. S. Dist. Atty., Kansas City, Mo., Donald R. Cooley, Asst. U. S. Atty., Springfield, Mo., for defendant.

**MEMORANDUM OPINION AND ORDER AFFIRMING THE DECISION OF THE SECRETARY AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COLLINSON, District Judge.

This is a petition for review of the Secretary's final decision denying plaintiff's application for disability insurance benefits under 42 U.S.C. § 423 (1970). This action is before the Court on cross motions for summary judgment, a proper means for disposition of this action since the scope of the Court's review is limited to questions of law. 42 U.S.C. § 405(g) (1970).

Plaintiff filed his application for a period of disability and disability benefits on October 1, 1971, alleging he became unable to work on June 18, 1971 (Tr. 42–45). This claim was denied by the Bureau of Disability Insurance on December 17, 1971 (Tr. 50–51), and also was denied on reconsideration on May 2, 1972 (Tr. 61–62). Plaintiff requested a hearing on June 5, 1972 (Tr. 20), and the hearing was held on October 19, 1972 (Tr. 9). On February 9, 1973, the administrative law judge entered his decision denying the claim and made the following findings and decision (Tr. 12–13):

FINDINGS

After a careful review of all the evidence in this case, and in light of the foregoing considerations [his evaluation of the evidence], the administrative law judge now finds and concludes:

1. That the claimant has malabsorption of iron resulting from a subtotal gastrectomy.

2. That the claimant's iron deficiency has proved amenable to proper medical treatment.

3. That the claimant has no other impairment which precludes moderate exertional activity.

4. That the claimant has extensive experience as a truck driver.

5. That the claimant has the physical and mental ability to return to his work as a truck driver.

6. That the evidence fails to establish that the claimant's impairments precluded him from engaging in any substantial gainful activity for any continuous period of 12 months.

7. That the claimant was not under a "disability" as defined in the Act, commencing at any time on or prior to the date of this decision.

### DECISION

It is the decision of the administrative law judge that the claimant, based on the application filed on October 1, 1971, is not entitled to a period of disability or to disability insurance benefits under the provisions of sections 216(i) and 223, respectively, of the Social Security Act, as amended.

Plaintiff requested that the administrative law judge's decision be reviewed by the Appeals Council on February 21, 1973 (Tr. 7). The Appeals Council reviewed and affirmed the administrative law judge's decision on July 6, 1973 (Tr. 5). This constitutes the final decision of the Secretary. 20 C.F.R. § 404.951 (1973). The instant action was timely filed on September 4, 1973.

*Applicable Statutes and Regulations*

42 U.S.C. § 423 (1970) provides for disability insurance benefits:

(a) *Disability insurance benefits.* (1) Every individual who—

. . . . . .

(D) is under a disability (as defined in subsection (d) . . .),

shall be entitled to a disability insurance benefit. . . .

. . . . . .

(d) *Definition of disability.* (1) The term "disability" means—

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

. . .

(2) For purposes of paragraph (1)(A)—

(A) an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . .

(3) For purposes of this subsection, a "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

20 C.F.R. § 404.1501 (1973) defines "disability" and "impairment" in the language of 42 U.S.C. § 423(d)(1) and (3) (1970). 20 C.F.R. § 404.1502 (1973) provides the guidelines for determining whether an impairment constitutes a "disability":

(a) Whether or not an impairment in a particular case involving disability insurance benefits under section 223 of the Act [42 U.S.C. § 423 (1970)] . . . constitutes a disability, as defined in § 404.1501, is determined from all the facts of that case. Primary consideration is given to the severity of the individual's impairment. Consideration is also given to such other factors as the individual's age, education, and work experience. Medical considerations alone can justify a finding that the individual is not under a disability where the only impairment is a slight neurosis, slight impairment of sight or hearing,

or other slight abnormality or a combination of slight abnormalities. . . .

(b) Conditions . . . may be found disabling if they do, in fact, prevent the individual from engaging in any substantial gainful activity. Such an individual, however, shall be determined to be under a disability only if his physical or mental impairment or impairments are the primary reason for his inability to engage in substantial gainful activity. In any such case it must be established that his physical or mental impairment or impairments are of such severity, i. e., result in such lack of ability to perform significant functions as moving about, handling objects, hearing, speaking, reasoning, and understanding, that he is not only unable to do his previous work or work commensurate with his previous work in amount of earnings and utilization of capacities but cannot . . . engage in any other kind of substantial gainful work which exists in the national economy. . . .

### Issue

The issue presented in this action is whether the record reflects substantial evidence to support the Secretary's decision that plaintiff's impairments are not of sufficient severity to prevent him from engaging in his previous work. 42 U.S.C. § 405(g) (1970). "Substantial evidence" means more than a scintilla of evidence, but there can be less than a preponderance. Coomes v. Ribicoff, 209 F.Supp. 670 (D.Kan.1962).

### Summary of the Evidence

At the administrative hearing on October 19, 1972, plaintiff testified to the following:

Plaintiff was born on October 21, 1925, and was 46 years old at the time of the hearing (Tr. 25). He has eight years of formal schooling and the equivalent of a high school education (G.E.D.) (Tr. 26). Plaintiff served in the United States Navy during the period 1944–45 (Tr. 27) during which time he worked in ship's service (Tr. 29). In the period of time between his discharge from the Navy and his enlistment in the Air Force in 1955, he worked primarily as a truck driver, but also did some farming during this period (Tr. 30). He served in the Air Force during the period 1955–63 as an aircraft mechanic (Tr. 27–28). After an honorable discharge from the Air Force, plaintiff worked for seven months for Dayton Rubber Company [the nature of the work done is not part of the record], but left that job when he underwent surgical repair for a ruptured hernia (Tr. 28). From that time until September, 1967, he held several jobs, including seasonal work in California and driving a truck for Douglas Company in Ava, Missouri (Tr. 28). During this period he also worked as a lister at Bella Hess, a mail order company in Kansas City, Missouri (Tr. 30–31), and as a mechanic in a service station (Tr. 31). He worked from September, 1967, through September, 1970, as a truck driver for Toombs and Co., a Springfield, Missouri, construction material firm (Tr. 28–29, 55). His most recent employment was as a transit truck driver for Beaufort Transfer Company in Gerald, Missouri, from September, 1970, through June 18, 1971 (Tr. 29, 43). On June 18, 1971, he "blacked completely out" while driving a truck in Springfield, Missouri, and has not returned to work since that time (Tr. 29).

Plaintiff alleges that he is presently unable to work because of diabetes, stomach trouble, and arthritis of the neck and spine (Tr. 42). He traces most of his difficulties to a gastrectomy performed in 1955 while he was in the Air Force. About 80% of his stomach was removed in that operation (Tr. 32). His present problems began in 1969, when he suffered from anemia because of malabsorption of iron and a low blood count (Tr. 32–33, 39). He was prescribed iron capsules to take for this condition, but the first two prescriptions

caused him to break out in hives (Tr. 32). He claims that the iron capsules he is now taking are not always effective (Tr. 32). Plaintiff contends that this condition weakens him so that he is unable to work (Tr. 37). As an example, he related that it takes him much longer than normal to mow his lawn because he must pause frequently to rest (Tr. 36). He claims to have had one episode of syncope (fainting), but he stated that he has been able to avoid recurrence by eating something before exerting himself (Tr. 33–34). Plaintiff also attributes his weakness to a low sugar condition (Tr. 33) and his system's inability to absorb food (Tr. 37).

Plaintiff also stated that he suffers from arthritis of the spine and neck such that his back and legs hurt if he sits or stands for too long (Tr. 32, 35, 37–38). In addition to the pain, he stated that his legs get stiff if he sits for too long and that he must walk around to alleviate the stiffness (Tr. 35).

Plaintiff further stated that his condition is such that he is prone to infections, particularly in his kidneys, and that because of this proclivity, all of his teeth had to be extracted when he suffered an abscessed tooth (Tr. 36).

Since he quit working in June, 1971, plaintiff does little more than odd jobs around the house such as occasional painting and yard work (Tr. 37). He does drive his car, but not very much (Tr. 37).

Documents introduced at the hearing indicate that plaintiff has been determined as totally disabled by the Veteran's Administration, and he is receiving disability benefits from that agency (Tr. 70–73). He has also been determined by the Missouri Division of Unemployment Security to be unemployable because of his stated disabilities (Tr. 66, 67). The record also contains a letter from his last employer stating that he could not be returned to work because he would be unable to pass either the Interstate Commerce Commission or company physical requirements. This letter was in response to plaintiff's request to return to work (Tr. 65).

No other witnesses testified at the hearing.

The relevant medical evidence introduced at the hearing is summarized below:

(1) A medical report from the Veterans Administration Hospital in Fayetteville, Arkansas (Tr. 78–79), reveals that plaintiff was hospitalized at that institution from July 8, 1971, to August 6, 1971, for multiple complaints including frequency of urination, fever, chills, headaches and episodes of syncope and anemia. The diagnosis was (1) post gastrectomy syndrome with anemia due to malabsorption of iron; (2) severe pyelonephritis; (3) recurrent sinusitis; (4) abnormal glucose metabolism due to post gastrectomy state with hypoglycemic syncope; (5) mild peridontal disease; and (6) penicillin rash. X-rays revealed deforming marginal spondylosis of the cervical spine mostly in the C–5 interspace. Plaintiff was placed on a diabetic diet and was ambulatory at discharge. It was recommended that he return in one month to determine need for further therapy.

(2) A second report from the Veterans Administration Hospital in Fayetteville (Tr. 80) indicated that plaintiff was readmitted on September 8, 1971, for re-evaluation of the post-gastrectomy anemia. The principal diagnosis was again post-gastrectomy syndrome with anemia due to malabsorption of iron. He was discharged on September 27, 1971, with instructions to continue taking an iron supplement, ferrous sulfate, gr. 5 q12H.

(3) Plaintiff was readmitted to the Fayetteville Veterans Hospital on October 8, 1971, complaining of continuing episodes of weakness and faintness with black tarry stools (Tr. 81–82). The diagnosis remained essentially the same as the prior admissions, but it was noted that there was osteoarthritis of the cervical spine with marginal spondylosis at C–5 and C–6 and encroachment of the

intervertebral foramina. Chronic anxiety was also noted. Because of adverse reactions to ferrous sulfate and ferrous gloconate, plaintiff was given Os-Cal-Forte tablets as an iron supplement. Plaintiff was ambulatory when discharged on October 28, 1971, and the report suggested that he should continue under supervision until his serum iron returned to normal. He was given Darvon for arthritic pain.

(4) A medical report from Dr. Donald K. Back, an internist, dated December 15, 1971 (Tr. 84–86), stated that there was no evidence of arthritis in the extremities and minimal osteoarthritic changes noted in the dorsal spine. Dr. Back's conclusions were (1) past history of iron deficiency anemia secondary to poor assimilation of iron, secondary to gastrectomy, (2) diabetes mellitus, and (3) minimal osteoarthritis. His report concluded, "I do not find enough objective evidence at this time to say this patient is permanently and totally disabled. I feel that he can be trained for some form of occupation as [sic] his age."

(5) A clinical record entry from the Kansas City Veterans Administration Hospital dated January 26, 1972, indicated a negative complete blood count (Tr. 90–91).

(6) A general medical examination record of the Missouri Department of Vocational Rehabilitation dated March 7, 1972 (Tr. 92–94), noted no orthopedic impairments and noted minor disabilities with problems of anemia and diabetes. The examining doctor indicated that hard manual labor should be avoided but felt plaintiff could do a number of types of work. The doctor also stated that he did not understand the total disability rating. He felt that plaintiff's possibility for gainful employment was good if he were motivated.

(7) A final report from the Veterans Hospital in Fayetteville (Tr. 96) stated that plaintiff was readmitted on March 3, 1972, at the request of his physician because of a recent drop in his hemo-globin. He was treated with an iron supplement and skin lotion and was maintained on a regular diet. He was discharged as ambulatory on April 5, 1972.

(8) The administrative law judge felt additional medical evidence was needed after the hearing. Accordingly, plaintiff was examined by Dr. Robert E. Stufflebam, an internist, on December 12, 1972. His report of the same date (Tr. 99–102) stated the following impressions: (1) post-gastrectomy syndrome manifested only by malabsorption of iron, (2) weakness, probably of functional etiology, and (3) history of degenerative arthritis, lumbar [this should probably read cervical in light of the result of the X-ray tests conducted for Dr. Stufflebam (Tr. 103)]. The report concluded:

> The fact that Mr. Williams has not only regained his pre-operative weight but exceeded it indicates to me that he does not have a malabsorption of carbohydrates, fats or proteins. There is evidence to suggest he may have a malabsorption of iron but this apparently is being adequately compensated for by the iron dietary supplement. I feel that the weakness which he attributes to his stomach problem is in fact a functional problem.

> He also is placing great emphasis on his present disability to his back problem. We have no data here to substantiate significant disability in that area. From a functional standpoint, he did have a full range of motion of all the joints. However, if this has not been adequately evaluated in the past, it should probably be done before one passes on his ability to maintain gainful employment.

(9) The last medical evidence introduced was an X-ray examination report performed at Dr. Stufflebam's request on December 12, 1974 (Tr. 103). This report revealed generalized osteoarthritis of the cervical spine with some early degenerative disc disease at the C–5–6 level.

*Conclusions and Disposition*

■ There is substantial evidence to support the administrative law judge's finding of a physical impairment in the form of malabsorption of iron resulting from a sub-total gastrectomy. All the medical evidence supports this finding. There is also substantial evidence to support the finding that this impairment has responded adequately to the iron supplement prescribed for him. Dr. Stufflebam's report indicated that plaintiff's iron deficiency was being adequately compensated for by the iron supplements, and the physician for the Missouri Department of Vocational Rehabilitation indicated that the anemia could be removed or substantially reduced by treatment (Tr. 94). If an impairment is remedied or alleviated by treatment or medication, it cannot serve as a basis for a finding of disability. 20 C.F.R. § 404.1507 (1973); Knox v. Finch, 427 F. 2d 919 (5th Cir. 1970); Whaley v. Gardner, 255 F.Supp. 862 (E.D.Mo. 1966), aff'd, 374 F.2d 9 (8th Cir. 1967).

There is substantial evidence to support the finding that plaintiff has no other impairment which precludes moderate exertional activity. The record fails to support plaintiff's allegations of disability due to anxiety and diabetes. The anxiety was noted in only one medical report, and the evidence seems to establish a hypoglycemic condition rather than diabetes. Plaintiff's testimony that his weakness was abated when he ate frequent meals or snacks indicates that this condition is not debilitating. The evidence does establish that plaintiff has a mild arthritic condition of the cervical spine, but there is substantial evidence to support the finding that this condition does not preclude moderate exertion. Dr. Back's report stated that the condition was only minimal, and his examination indicated that there was no arthritis of the extremities. Dr. Stufflebam found a full range of motion of the extremities and no significant disability of the back. Although he recommended further orthopedic examination if a complete study of the condition had not been made, this recommendation is not binding on the Secretary. The pain which plaintiff attributes to this condition is being treated by medication. From the evidence adduced at the hearing, it is clear that plaintiff failed to establish an arthritic condition which is disabling or which precludes moderate exertional activity. There is no evidence in the record to support plaintiff's claim that the sinusitis and pyelonephritis conditions are disabling. In sum, these other ailments, separately or in combination, have not been shown to preclude the plaintiff from moderate exertion.

There is substantial evidence to support the finding that plaintiff's principal work experience has been as a truck driver. There is also substantial evidence to support the finding that plaintiff has the residual capacity to return to his former work as a truck driver. This finding is substantiated by the medical reports of Dr. Back and the physician for the Missouri Department of Education, Vocational Rehabilitation. Both of these reports stated that plaintiff shoud be able to engage in some form of gainful employment. Dr. Stufflebam's report indicated that he felt the weakness plaintiff attributed to his stomach problem was functional rather than organic. Further, plaintiff's activities since he stopped working indicate that he could return to truck driving which did not include hard physical labor. Plaintiff retains the ability to drive his own automobile and is able to do such chores as painting and lawn work.

■ Plaintiff's motion for summary judgment emphasizes the fact that the Veteran's Administration has judged him to be totally disabled. However, as the Secretary suggests in his motion for summary judgment, decisions of other agencies regarding an individual's disability are not determinative for the purposes of Title II of the Social Security Act. 20 C.F.R. § 404.1525 (1973); Rolenaitis v. Richardson, 336 F.Supp. 1235 (E.D.Pa.1972), aff'd, 475 F.2d

1396 (3d Cir. 1973). The Secretary has weighed this determination in his evaluation of the evidence, and the record supports his conclusion that the plaintiff is not disabled within the meaning of the Social Security Act. Similarly, the Secretary is not bound by the decisions and conclusions of the Missouri agencies. The letter from plaintiff's former employer is not competent evidence on the issue of disability.

Having determined that there is substantial evidence supporting the decision of the Secretary that the plaintiff retains the residual capacities to return to his former line of work, it is

Ordered that the decision of the Secretary be, and hereby is, affirmed; and it is

Ordered that the Secretary's motion for summary judgment be, and hereby is, granted.

It is further ordered that plaintiff's motion for summary judgment be, and hereby is, denied.