**Mildred M. DOWDY, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**No. 77–2013.**

United States District Court,
W. D. Arkansas,
Fort Smith Division.

Oct. 27, 1977.

---

Westmoreland & Westmoreland, Fort Smith, Ark., for plaintiff.

Robert E. Johnson, U. S. Atty., J. Michael Fitzhugh, Asst. U. S. Atty., Fort Smith, Ark., for defendant.

## OPINION

JOHN E. MILLER, Senior District Judge.

On August 12, 1975, plaintiff, Mildred M. Dowdy, without the aid of an attorney, filed Application for Disability Insurance Benefits under Title II and XVIII of Social Security Act, as amended. She stated her claimed disability as "bad liver and neck trouble", existing since October 2, 1972.

On October 30, 1975, the Bureau of Disability Insurance Division of Initial Claims advised plaintiff that in its opinion she was not entitled to disability insurance benefits because she did not meet the disability requirements of the law. In the letter notifying plaintiff it is stated:

"After carefully studying your records, including the medical evidence and your statements and considering your age, education, training and experience, it has been determined that your condition was not disabling within the meaning of the law on any date through March 31, 1974. This is the last day on which you still met the earning requirement and explanation of the disability requirement and the earning requirements is given on the back of this notice."

They further advised plaintiff that if she believed the determination was not correct that she might request that the case be reexamined.

She filed a request for hearing on her application December 30, 1975. Hearing was held in Mena, Arkansas on April 28, 1976. The plaintiff appeared and testified. She was advised of her right to be represented by an attorney or other qualified representative but stated that she was ready to proceed without one. The hearing was conducted by Gene C. Smith, Administrative Law Judge, Bureau of Hearings and Appeals, who on September 7, 1976, filed his opinion.

On October 19, 1976 the plaintiff requested a review of the hearing decision.

On November 26, 1976 plaintiff was advised by the Appeals Council that it considered the decision to be correct and that further action by the Council would not result in any change which would benefit her. "Accordingly, the hearing decision stands as a final decision of the Secretary in this case."

She employed attorneys and filed the following pleadings which are now before the court for consideration along with briefs of the parties:

(1) On January 20, 1977, her complaint for "special judicial review of administrative determination on Social Security Disability Insurance Benefits and for remand of this cause to the Secretary of Health, Education and Welfare for further action by the Secretary."

(2) On April 4, 1977, the plaintiff's Motion to Remand the cause to the defendants for further administrative consideration.

(3) On August 1, 1977, a Motion for Summary Order to Remand.

On June 24, 1977, the defendant filed its Answer.

On June 27, 1977, defendant filed a Motion for Summary Judgment.

The pleadings above referred to may and should be considered together. In effect, they raise the question of whether the decision reached by the Bureau of Disability Insurance on October 30, 1975 and the decision reached by the Appeals Council on November 26, 1976 are correct or whether plaintiff should be allowed a period of disability under Sections 216(i) and 223(d) of the Social Security Act, 42 U.S.C.A. 416(i) and 423(d).

The defendant filed with the court complete transcript of the proceedings which includes the hearing before the Administrative Law Judge who summarized the situation as revealed by the evidence including the oral and written statements of plaintiff; the hospital records; the statements of the doctors who attended plaintiff from time to time; and the testimony of plaintiff relative to any complaints made by her, Transcript pages 28–76. Although the plaintiff was not represented by counsel at the hearing, a mere reading of the proceedings at the hearing discloses that the Administrative Law Judge was careful to give plaintiff every opportunity to fully describe her ailments and the effects thereof, and fully explained the procedure and discussed the dates of the claimed injuries which

plaintiff said began on January 2, 1972 rather than October 2, 1972.

In outlining the issues to be explored at the hearing, the Judge said:

"Specific issues are whether you have the required insured status under the law; and if so, as of what dates. One of the exhibits, which is Exhibit No. 6 shows that you did not meet the earning requirement for entitlement for social security benefits on January 2, 1972 when you allege you became disabled; and that you continued to meet these benefits until March 31, 1974, but at no time after that. Therefore, under the law you will be required to establish that your disability did in fact begin on or before March 31, 1974.

"The other issues that I must decide are: the nature and extent of your impairments; whether your impairment has lasted or can be expected to last for a continuous period of at least twelve months or can be expected to result in death; your ability to engage in substantial, gainful activity since your impairment began and your disability, if any, began."

The plaintiff stated that she fully understood the issues and then the Judge stated:

"Now for your information, what I am going to do is ask you questions generally about your age, your education, your past work experience, and then, what your problems were that kept you from working, in your estimation before March 31, 1974 and whether it continued after that date."

The questions propounded by the Judge and answered by plaintiff appear beginning at the bottom of page 34 and extend to page 55.

Near the close of the hearing, the plaintiff stated:

"I am a very poor talker, getting things across. But sometimes, if I'm alone, and take my time, I can write things down that I will remember. Is that any good? Could I write?"

To which the Judge answered:

"Yes. That is permissable. You may write me a letter and try to explain it by letter and I will leave the record open for a period of thirty (30) days to receive both of these things. The letter of Dr. Lockwood and your letter which will summarize your case for me."

The hearing was closed on April 28, 1976. On May 10, 1976, plaintiff wrote the Judge a four-page letter (transcript 120–124) in which she states her conditions and claims to be unable to work because of certain ailments. She closes the letter as follows:

"My complaints past and present are: Sick stomach, muscle spasms and neck still draws to left. Hurts to lift arm. Lower back and above waist hurts. Get sick at stomach when I bend over. Get dizzy headed. Have headaches lots. Have choking spells often. Right foot and leg hurts. Very nervous. Have trouble remembering things. I have been this way since 1968."

The record was reopened at McAlester, Oklahoma on July 6, 1976 for the purpose of admitting Exhibit 24, records of Polk County Memorial Hospital for the period August 15, 1975 through August 29, 1975; Exhibit 25, report of Frank M. Lockwood, M.D., undated; Exhibit 26, professional qualifications of Dr. Lockwood; Exhibit 27, letter by claimant and with letter attached from Mrs. Lechance (phonetic) dated April 15, 1976; Exhibit 28, medical records of St. Vincent's Hospital, Portland, Oregon, for the period of June 12, 1957 to June 15, 1957; Exhibit 29, letter by A.L.J. to claimant dated June 8, 1976; Exhibit 30, medical report by Henry M. Rogers, M.D. with attached letter by claimant dated June 24, 1976.

On pages 14 and 15 of the opinion of the Administrative Law Judge, he states:

"1. Claimant alleged she was born on February 22, 1922. She filed her application for disability insurance benefits on August 12, 1975, and as amended. She alleged she became disabled on January 2, 1972. She completed seven grades of school and has worked on farms, as a welder, as a janitor, and at assembly line work.

"2. Claimant met the special earnings requirements for entitlement to disability insurance benefits on January 2, 1972, the alleged onset date of her disability, and she continued to meet them through March 31, 1974, but not thereafter.

"3. The medical evidence establishes that through March 31, 1974 claimant had physical impairments consisting of hypertension controlled by medication, obesity, arthritis which caused limitation of motion of upper spine and neck, and nervousness.

"4. Claimant's impairments, in combination, did not cause claimant to be unable to do her previous work, which is substantial gainful work, for a continuous period, beginning on or before March 31, 1974, which lasted or could have been expected to last for not less than 12 months.

"5. Claimant alleged no severe mental impairment and none has been found.

"6. Claimant applied for and received unemployment compensation benefits of 1972 and she worked at the family chicken ranch from January 1972 until the ranch was sold in June 1973.

"7. Claimant has not been under a "disability" as defined in Section 223 of the Social Security Act, as amended, as it pertains to disability insurance benefits, at any time on or before March 31, 1974, the date she last met the earnings requirements."

Section 223(d)(1) defines the term "disability" to provide in part:

"(d)(1) the term 'disability' means—

"(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months;

. . . . .

"(2) For purposes of paragraph (1)(A)—

"(A) an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is

not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work, which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

. . . . .

"(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

. . . . .

"(5) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."

In *Celebrezze v. Bolas*, 8th Cir. 1963, 316 F.2d 498, the court, speaking through the judge, now Mr. Justice Blackmun, held:

(1) the burden of establishing a claim is upon the plaintiff.

(2) the provisions of the act are not to be strictly construed to deny disability, but rather liberally construed in favor of disability.

(3) the secretary's findings of fact and the reasonable inferences drawn from them are conclusive if they are supported by substantial evidence. 42 U.S.C.A., 405(g). This is the limitation of judicial review of the secretary's decision.

(4) substantial evidence is more than a mere scintilla. It is such relevant evidence as a reasonable mind might accept adequate to support a conclusion and it must be based on the record as a whole.

(5) the determination of the presence of substantial evidence is to be made on a case to case basis and upon the record before the court.

(6) where the evidence in the record was conflicting or subject to conflicting inferences it is for the Appeals Council on behalf of the secretary to resolve such conflicts.

(7) the statutory definition of disability imposes a three-fold requirement:

(a) that there be a medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued duration;

(b) that there be an inability to engage in any substantial gainful activity; and

(c) that the inability be by reason of the impairment.

(8) substantial gainful activity is an activity in which a disabled claimant can be found to be able to engage must be both substantial and gainful and within his or her capacity and capability realistically judged by the claimant's education, training and experience. Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available.

(9) the emphasis is directed not to the average man but to the particular claimant's capabilities.

*Whaley v. Gardner*, 8th Cir. 1967, 374 F.2d 9, held that an individual not be considered under disability if, with reasonable effort and safety to himself the impairment can be diminished. In order to recover, plaintiff was also required to show that she became unable to engage in any substantial gainful employment before March 31, 1974, when she last met the earning requirement of the law by reason of a physical or mental impairment, the substance of which was demonstrated by medically acceptable clinical and laboratory diagnostic findings.

No medical testimony was introduced at the hearing before the Administrative Law Judge but on April 21, 1976 prior to the filing of his opinion on September 7, 1976

the Administrative Law Judge obtained from the Polk County Memorial Hospital at Mena, Arkansas copies of such medical information as it possessed concerning the claim of Mrs. Dowdy. In the letter requesting the record he also asked for:

". . . a narrative report which includes sufficient details of history, physical and diagnostic findings, clinical, course, therapy, and responses to enable a reviewing physician to make an independent determination as to the severity and duration of the impairment. Also, please advise whether present treatment, or additional treatment will improve Mrs. Dowdy's current functional abilities. If so, what degree of improvement can be anticipated and how much time will be required to achieve the anticipated improvement?"

The hospital's response appears beginning on page 106 to page 131 inclusive and contains reports of physicians in other hospitals which at various times had occasion to see and examine the plaintiff. The court has read and considered the reports in connection with the contentions and testimony of the plaintiff. Considering the evidence as a whole, the court cannot find that there is any substantial evidence that would justify a conclusion contrary to that reached by the Appeals Council. As stated by the court in *Celebrezze v. Bolas, supra*, at page 506 if, "had this case been one tried to a jury it is obvious to us that Bolas would not have been entitled to a directed verdict and that the jury's verdict either way would have been conclusive. Consequently, the Secretary's decision here, if it be wrong, is an error of fact and is not subject to correction by a reviewing court . . . we must not allow ourselves to regard an administrative agency charged with fact finding duties 'to act as a sort of special master for this court, to report testimony, to make advisory findings and enter an advisory judgment'. *Pendergrass v. New York Life Insurance Company*, 8th Cir. 1950, 181 F.2d 136, 138.

The Appeals Council determined that the plaintiff had failed to show good cause for

remand to the secretary for further hearing. The court has examined the record and agrees with the Council's decision. She has been given a full and fair hearing and has been afforded every opportunity to present any relevant evidence. The denial of plaintiff's disability claim is supported by substantial evidence.

After a full consideration of the record before the court, it is of the opinion that the motions of plaintiff should be overruled and the motion of defendant for summary judgment should be granted and judgment in accordance therewith will be entered this 27 day of October, 1977.